Good morning. May it please the court, I'd like to reserve five minutes if I could. All right. What's your clock there? My name is Mark Thierman, and for the last 12 years I have been representing Can-Am Plumbing in this litigation. Twelve years has gone by, and two NRB decisions, and we're here on a You've been to the D.C. Circuit. You've been to the 9th Circuit. Over a post-notice, I will add, where there's no money in this case anymore. It's gone. It's just over the notice and the principle. It's mostly moot, someone said in here, somewhere. Moot. Moot, yes, because what we're talking about is the post-notice. There's no economics. Parties have long passed this. My understanding is not on the record, but my understanding is the union doesn't even engage in most of these practices anymore for other reasons unrelated to this lawsuit. Has there been mediation of this? Have you used our mediation services, given that it seems like the only thing outstanding now is the posting requirement? Why isn't this an appropriate case for mediation? Because the posting requirement is just to keep the case alive so this court or some other court can decide whether or not the NRB is allowed to ignore the band-aid. I mean, it's all principle. But, you know, that's troubling to us. We're not here to decide principles. We're here to decide live cases and controversies. Well, the posting requirement, we refuse to do. It's like an injunction or a mandate. They won't go. What happens if... They'll go away without it, but they won't. What happens if you lose? Practically, what happens? This little blue notice goes up on the bulletin board. Saying what? Saying we're sorry. We won't do this again. We will not file a lawsuit against our competitors for using job-targeting money. And what is there that suggests that that somehow is something that you can't or don't want to do? What's the downside of that? My client doesn't want to do it. It's First Amendment right not to put that stuff on the bulletin board. To not put it on the bulletin board. Right. My client doesn't want to say that, doesn't agree with it, doesn't believe in it. It's not true. We're not sorry. Well, you have to say you're sorry or you just have to say you're not going to do it again. Both. There's no non-admissions clause because it's after a board determination. A non-admissions clause says you're not... If your client only had to put up there I'm not going to do it again and didn't have to say I'm sorry because I don't believe I'm sorry, would there be a problem with that? Yeah. My client wants a resolution of this issue. It doesn't my client isn't going to go bankrupt because he puts up a blue piece of paper. I understand. Nor is any other 8A1 employer who makes bad statements to an employee going to go bankrupt because they put up a blue piece of paper. That's the only remedy for an 8A1 usually. And yet the board routinely asks for and gets an 8A1 remedy with posting a big blue piece of paper saying we're not going to do this anymore. We're sorry. Well, the board issued its supplemental decision in August of 2007. You could have appealed that and you did not. Well, actually the board's obligation to kind of enforce its decision. They're not self-enforcing. You did not appeal that decision. We did not appeal that decision. In other words, that's the decision that you're left with. That is the decision of the board that's not enforceable by until the court of appeals enforces it. And here you are under 160E, which gives us venue to do that. Well, that's the question. Because it happened in California. Well, is this an old case or a new case? If this is an old case, it belongs in the D.C. Circuit. Every time I argue in my papers the underlying merits of the case, they say, well, this is an old case and the D.C. Circuit has ruled. Every time they argue that they don't have to follow the mandate of the court of appeals, they say it's a new case. We don't have to listen to the fact that the court of appeals told us to do X, Y, and Z. And now we have come up with a different reason why we shouldn't. So if it's an old case, it belongs to the D.C. Circuit. If it's a new case, yes, it's here. I don't know. I'm having trouble coping legally with your old and new case dichotomy. We're just looking at the statute. So I'm trying to – did the statute change? No. The statute didn't change. So the statute on venue doesn't matter whether you characterize it as old or new, does it? Well, I would consider it a continuation rule. In terms of enforcement. 160E is simply an enforcement action. That's right. This is the only venue where it could have happened. No. We could have gone to the D.C. Circuit. That's not where the unfair labor practice theoretically occurred. But as is the first case, you can always go where the board is. Well, you didn't appeal that. Well, that – you're saying that the board could have gone to the D.C. Circuit. Yes, because we were there. I mean, we had submitted it to the D.C. Circuit jurisdiction. But if you have a venue provision that permits them to come here, what would be our authority to say to the NLRB, you're in the wrong place? Because they're asking one court of appeals to overrule another court of appeals. They're asking one court of appeals to say to another court of appeals, it's okay for us not to follow your mandate. This is the same case. Once it started in the D.C. Circuit, it should stay in the D.C. Circuit. In the other case they cite, it was transferred out of the D.C. Circuit. It wasn't dismissed. It was transferred. It was a venue issue. Is there a reason you didn't appeal it back to the D.C. Circuit? I mean, they got the mandate. They made a determination that based on, you know, their reading of their own regulations, nothing, you didn't appeal it. Now they're just asking us for enforcement, which is the only venue, as Judge McEwen said, that can enforce it for them. So is there a reason why it wasn't appealed? Well, first of all, I disagree that it's the only venue, because it started in the D.C. Circuit. I submitted it to the D.C. Circuit. The venue was proper in the D.C. Circuit. They could have, I believe they could have filed in the D.C. Circuit. The board shall have power to petition any court of appeals of the United States wherein the unfair labor practice in question occurred or wherein such person resides or transacts business for the enforcement of such order and for an appropriate temporary relief or restraining order. Why doesn't that give us? Because the case already started in the D.C. Circuit. You can't take a case and move it. So what case do you have that says 160E doesn't? Well, never mind. I'm not even going to ask that question, because I think the answer is obvious. I don't have a case. And nobody else has a case going anyway. It is the same case. You go back to the same circuit. You're asking us to ignore 160E, period. Well, then I'll move on to the next point. Please. I'm asking not to ignore the mandate of the court of appeals of the D.C. Circuit. They didn't, and they admit they didn't follow it. I don't know why I should have to say. You're speaking with respect to the Davis-Bacon? I'm speaking with respect to footnote 21, where they say, the court of appeals asks us to consider whether there should be a distinction between projects covered by Davis-Bacon and those not so covered, and if there is a distinction, whether that affects the entire JPTP. Then they say, however, we do not believe the court required that our consideration ignore our fundamental procedural rules. They argued that in the court of appeals. And the court of appeals dealt with it and said, do it. You can't go back to your old arguments and say, well, we're not going to do what the court of appeals says to do, because we're going to make the same argument again. I mean, if the court of appeals says, do something that you're not supposed to do, you go back to the court of appeals and say, look, I need some clarification. Or you appeal it. You don't just, don't do it. If my client didn't do what this court of appeals said, I'm sure we're going to see a contempt proceeding in the district court. I mean, if you told us to post a notice and we didn't post a notice, say, well, I just don't feel like it or I don't think I can post it this week, we would be back in contempt. But that, let me just get it straight. That order in which you think that they flouted the D.C. Circuit was never appealed back to the D.C. Circuit, correct? I didn't appeal it back to the D.C. Circuit. I didn't want to. They didn't do what the D.C. Circuit said to do. But it seems to me, then, if you're aggrieved about that, then you could have gone back to the D.C. Circuit. I could have come to this circuit, too. But you didn't go to any other circuit on that point. Usually charged, the Respondent doesn't go to the circuit. The board goes to the circuit. The Respondent usually waits. But is that a final order of the board at that point? This order? Yes. When it says post a notice, it is. And then you're an aggrieved person. I have standing to appeal it, Your Honor. But there's no time limits for when I do it. I can petition or they can petition. If I don't do anything, I don't post a notice. If I don't do anything, the law keeps getting better for me. This case has been going on for 12 years. It wasn't like, you know, I waited four months. It wasn't like I waited five years. I mean, for all I know, maybe they would have let the thing drop because it was so embarrassing. Who knows what they would have done. Do you think you could go to the D.C. Circuit now under your theory? And they would argue that it wouldn't work. No, I'm just asking, could you in good faith sign a pleading as a lawyer for an aggrieved party and take this final board order in which you think they really defaulted on the D.C. Circuit directive? Could you take that to the D.C. Circuit and say they've defaulted? Yes. I mean, assuming you don't rule. If you rule, then I think I'm bound by your ruling. You mean on the merits? On the merits, right. If you transfer it, I'm back in the D.C. Circuit. Say the venue is proper in the D.C. Circuit, it's their order. Let them figure out what they want to do with it. That's what happened in the case of the board sites. They transferred it. So, yes, I have standing until the Court of Appeals rules against me. It seems like an odd posture in terms of the transfer. Is the case that you're referring to that the board cited, is it one in which the enforcement action was brought in a different circuit? Did it come up as an enforcement action? Yeah, it came up as an enforcement action. Which case is that one? Let me get it. It's the first case in the board's brief. It came up in an enforcement action. And what happened is they filed in the D.C. Circuit because the case had been remanded from the D.C. Circuit. The charged party, the respondent, objected. So the D.C. Circuit said, fine, we'll transfer it to where you are. What's the case? Yes, it's Wilder. I'm sorry. I can't understand you. NLRB versus Wilder, W-I-L-D-E-R Manufacturing Company. I believe that is the case. 454F2-995, D.C. Circuit, 1972. 454F2-995. Which circuit? D.C. Circuit. D.C. It's on page 22 of their brief. We'll ask them about that. Yeah. You might want to, your time is up, so. I'm, you know, if there's no question that the board didn't follow the D.C. Circuit, then, you know, this is a fundamental issue of jurisprudence. They're an administrative agency that has to file. Well, of course, they say they did because it was a timely issue and so it went out on another ground. They never had to get to the Davis-Bacon question because it hadn't been appropriately raised in a timely fashion. But that's not what the D.C. Circuit said. The D.C. And that's the argument they made to the D.C. Circuit at the time. Yeah. Well, okay. May it please the Court, good morning. My name is Joan Hoyt. Good morning, counsel. Your Honor, I think from the onset, I'd like to make two things clear. As you rightfully pointed out, there are two issues in this case. One of them is the venue jurisdiction, whether you have jurisdiction to sit on this case. And the second one is whether the company, in fact, waived its right to present the issue of the Davis-Bacon to the Court. On the first issue of venue, after the Board issued its supplemental decision, first of all, the D.C. Circuit sent the case back to the Board with instructions about what the Court, the Board, should look at. In instances where the Circuit wants the Board to come back to the Circuit, it would say we retain, it would hold on to the record and say we retain the right to, for this case to come back to us. The Court actually said just that in one of the cases we cited. It's the United Mine Workers of America v. NLRB, and it's cited at page 22 of our brief. And the Board, the Court there explicitly said it retained jurisdiction in a case that it remanded to the Board. In this case, the Court did not retain jurisdiction. And as Your Honor rightly pointed out, under Section 10E, the Board can only go to a circuit for enforcement where the unfair labor practice arose or where the company or the agreed party resides or does business. And that's what we did here. We couldn't go back to the D.C. Circuit. We couldn't go to the D.C. Circuit in the first place and had the opportunity again after the decision issued to go back there and ask the Court to review the supplemental decision. It did not. And because the Board did not want its order just to sit uncomplied with, we came to you, the rightful venue. In the wild ---- I'm saying that given the places where they do business, that there's no possibility you could have filed the enforcement order in D.C.? We could not. Because that's not where the alleged practices arose or they do business. The company has no connection with D.C. The only connection it had, it found originally under Section 10F of the Act, which ---- Which permitted them to go there. Yes, which permitted them to go there. So we, the Board, cannot go there because the company has no connection with D.C. Is there an authority for us to transfer a case to a venue which would not be a statutory venue? No, Your Honor. We could not find any. Of course, company counsel couldn't point to any. But as we set out in our brief in the wilder case, it's a very interesting insight into how the D.C. company under Section 10F filed in D.C. And the court remanded it to the Board and asked the Board to look at it. The Board did, issued a supplemental decision, and thinking that D.C. retained jurisdiction or would want to hear the enforcement application, we went back to the D.C. circuit. And the company, the aggrieved party, opposed our application in the D.C. circuit, saying to the circuit, you do not have, the Board cannot file here because this case arose in New York. Of course, the company did a flip, and the D.C. circuit agreed with the court, sorry, with the company, because the company asked that the case be transferred to the Board. So with that precedent hanging over the Board's head, and knowing that the D.C. circuit had not explicitly retained jurisdiction and had transmitted the record of the case back to the Board, we came to the only place that we could seek enforcement of the Board's order. I move on to the second issue, the issue of waiver. One thing that is not before the court is whether the job targeting projects on a whole are lawful. That question has been settled, and is the law of the case, because the D.C. circuit agreed with the Board's ruling in Mano that union job targeting projects or programs that are aimed at increasing work for union employees or unionized employees, where unionized employees contribute to those programs, are classical Section 7 protected activities. But not necessarily where they're getting the Davis-Bacon money, that seems to be what the D.C. circuit was saying. That's correct. But I want to go into how the Davis-Bacon issue came up. When the Board, when the case was tried before the administrative law judge, during the hearing, the general counsel in questioning the treasurer of the union's fund about what's in the fund, where the money's come from that are in the fund, it came out in questioning the treasurer of the fund, and it was determined by the general counsel that some of the money, about 1 to 2 percent, are from dues collected on public projects, meaning both state and federal projects. And it was left at that. Company counsel never took this case anywhere, never argued Davis-Bacon, not in the state court, not before the Board, not in the district court, not at the hearing. Davis-Bacon was a tangential issue, but it was not made a part of the litigation in this case. And therefore, when the Board actually, company counsel, although the administrative law judge mentioned in the decision, at footnote 11 in the administrative law judge's decision, that some of the money came from public projects, about 2 percent, but it was not sufficient. But regardless of how it got up to the D.C. Circuit, the D.C. Circuit said this is problematic. The Board didn't analyze it correctly or didn't do a good enough job in analyzing it. We send it back for the Board to analyze it. Why isn't that the law of the case? Because the Board has its rules and regulation, and on the Section 10E, another part of Section 10E, which holds or which holds states that there has to be on extraordinary circumstances for the Board to look at an issue that was never litigated before the Board. And we really ---- And did you respond to Mr. Thurman's argument that this precise waiver issue actually was up in front of the D.C. Circuit and they knew that the Board felt that it had been waived and hadn't been litigated? Was that ---- Your Honor, I argued, I briefed and argued the case before the D.C. Circuit. That issue was not up front. What was up front is that when, in arguing the Kingston Constructors, which was a case that came out after the administrative law judge issued the decision in the original case, but before the Board ruled or affirmed the administrative law judge, Kingston Constructors, the case that just came out in which the Board affirmed that job targeting projects are lawful unless they include Davis-Bacon money. And the Board went on to say we recognize that there was 1 to 2% of federal, of public money in this fund, but that does not change the nature of this case because it was not litigated before. So the Board cannot change the allegations in a complaint before the Board. I mean, in the case in the California State Court, there was no allegation. Of course, the company, an individual cannot allege Davis-Bacon before the State Court. It has to be a federal or public agency saying that this is being violated. So that was never an issue in the State litigation. And before the Board, it never became a litigated issue. What the D.C. Circuit had the issue with is that it was mentioned, but the Board could not ignore mentioning in light of its decision in Kingston Constructors. But what the Board said is this is not Kingston Constructors. But I'm going to just ask you as a procedural matter. It seems odd to me that we would be passing on whether the Board was compliant with the D.C. Circuit's mandate. Does that seem odd to you in any way? Because or because it seemed to me on that point that that issue would be appropriate before the D.C. Circuit. It doesn't seem odd to me at all, Your Honor, because I think if you look at this case in the broad context of what the Board had before it, the Board adjudicate on cases and issues that are raised before the Board. And it has no mandate to adjudicate on issues not brought before it. The fact that the Board's sui sponte mentioned the case, well, the Supreme Court has held in the This isn't really answering my question. I understand what your position is, that it wasn't argued. But the D.C. Circuit makes a decision, says you better figure out this Davis-Bacon situation. Goes back down to the Board. Board says, due to our procedural rules, game over. This is our final order now. And the D.C. Circuit says, you better And then that order doesn't get appealed to the D.C. Circuit. Instead, at least on the merits of the order, basically you now have a final order, I guess. You come here under your venue statute and say, I would like to, you know, have this order enforced. Do we even I guess I'm wondering, do we even need to address this issue if it was a final order that didn't get appealed to the D.C. Circuit on the merits of that order? Well, I understand your concern. I mean, I feel like there's some gap here. And I'm just trying to fill it out procedurally. Well, I don't know that I can procedurally say, you know, the Court should not be concerned about it. But even if this case were to go back to the D.C. Circuit, the arguments would still be the same. The Board had no authority to look at the question that the D.C. Circuit was asking the Board to look at. And, Your Honor, I must bring to your attention that once the case was remanded to the Board and the Board asked for, it opened it up for comments and position statements. The company filed a position statement. When the Court remanded it, one of the instructions was for the Board to take additional evidentiary stuff. The biggest objection that the company raised was do not remand it to an administrative law judge. There's no evidence. We believe the union, when it said there was nothing to get, what the company advocated for was the complete dismissal of the case. Why did it advocate for that? Because in all the amici brief in support of the company, and what was out there was that job targeting programs are completely antithetical to state law. And so MANO, which is federal law, which says job targeting projects are protected section 7 activity, is wrong under state law. So the company argued before the Board for bringing these little Davis-Bacon state regulations, giving them sort of the same ambit as federal Davis-Bacon. But the company never raised federal Davis-Bacon before us. All right. I think we have your points in mind. Thank you. You're way out of time, but I'm going to give you a minute because we let counsel for the NLRB go over as well. I argued the case in the D.C. Circuit as well as tried the case before the Board, and certainly we raised the issue of the de minimis and the fact that there was Davis-Bacon and little Davis-Bacon money. Yes, it is our position that the state Davis-Bacon is just as protected and nonpreemptive as the federal Davis-Bacon. That issue, I think, is still not addressed properly, but the D.C. Circuit didn't go on that. The D.C. Circuit said, we don't know what de minimis is. You put one blue ball in a bag full of red balls, and there's the whole bag red. Well, in trust fund law, it is. In other law, maybe it's not. I don't know. And you decided not to go back to the D.C. Circuit. You just waited out, knowing that the enforcement in action was inevitable. Well, they didn't call me and say, gee, would you like to go to the D.C. Circuit? We're going to file. They didn't do that. They didn't call you, but you didn't need to talk to them to go back to the D.C. Circuit, did you? No, and I didn't. And to be honest with you, I was being reactive instead of proactive. Okay. Thank you. Thank you. The case just argued is submitted, and we're adjourned for the morning.
judges: Trott, McKeown, Ikuta